REDFERN, Immigration Com'r, et al. v. HALPERT. †

(Circuit Court of Appeals, Fifth Circuit. March 14, 1911.)

No. 2,069.

1. ALIENS (§ 54*)—PROCEEDINGS TO DEPORT—DECISION OF SECRETARY OF COMMERCE AND LABOR—CONCLUSIVENESS.

The decision of the Secretary of Commerce and Labor in proceedings to deport an alien, under Immigration Act Feb. 20, 1907, c. 1134, §§ 20, 21, 34 Stat. 904, 905 (U. S. Comp. St. Supp. 1909, p. 459), is not final; but the court, on habeas corpus, may inquire into the whole case.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

2. ALIENS (§ 40*)—IMMIGRATION STATUTES—CONSTRUCTION.

The immigration statutes should be strictly construed.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 100; Dec. Dig. § 40.*]

3. ALIENS (§ 54*)—DEPORTATION—TIME FOR DEPORTATION.

The three-year period within which an alien may be deported, under Immigration Act Feb. 20, 1907, c. 1134, §§ 20, 21, 34 Stat. 904, 905 (U. S. Comp. St. Supp. 1909, p. 459), begins to run from the date of his first entrance into the country; and a temporary absence, with the intention to return, cannot interfere with his status as a resident, nor give the immigration authorities the right to deport him.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 54.*]

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

Habeas corpus by Lena Halpert against Samuel Redfern, Immigration Commissioner, and others. From a judgment granting relief to the petitioner, defendants appeal. Affirmed.

Charlton R. Beattie, U. S. Atty., for appellants.

H. L. Landfried, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. In this case, which is an appeal from the decree in a habeas corpus case, we find the following to be the facts, as shown by the transcript: That the relator, Lena Halpert, a feme sole, aged 23 years, came to this country from Russia with her father when she was 13 years old, and landed in New York City, and took up residence therein; that her father continued to reside in the United States for several years, when he returned to Russia for his family, and lately has returned to and now resides in New York; that Lena Halpert continued to reside in New York City until 1909, when she came to the city of New Orleans, whence she proceeded on her way to Panama, for the purpose only of making a trip to that country, and always with the intention of returning to her domicile in New York City, and she actually did return to New Orleans, on her way to New York, and landed in New Orleans January 10, 1910, and was duly admitted by the immigration officer; that on January 21, 1910, she was arrested as an alien lately landed in this country, and subject to deportation as a prostitute entering the country for the purpose of prostitution and

other immoral purposes, under Immigration Act Feb. 20, 1907, c. 1134, § 2, 34 Stat. 898 (U. S. Comp. St. Supp. 1909, p. 448). Under this state of facts, the judge a quo held as follows:

"I have no doubt that the relator is a prostitute and that she was such when she arrived at New Orleans from Panama. I am equally certain that she was not a prostitute when she came to New York from Russia. There is no doubt the Secretary of Commerce and Labor would have the right to order her deported at any time within three years after her arrival, if she had been brought here for immoral purposes, or was found within the same period in a house of prostitution. Therefore the only question to be determined in this case is: When does the three years begin to run? Both relator and respondent have cited a number of cases, but none, however, of controlling authority. [1] I find nothing in the law (Act Feb. 20, 1907, c. 1134, §§ 20, 21, 34 Stat. 904 (U. S. Comp. St. Supp. 1909, p. 459) making the decision of the Secretary of Commerce and Labor final, and I am satisfied I have the right to inquire into the whole case. [2] The immigration statutes are very drastic, deal arbitrarily with human liberty, and I consider they should be strictly construed.

"It is contended by respondent that in the instant case the relator, having come to the United States as a minor, could not be considered as having come here with the intention of acquiring a domicile, and therefore has no status as a resident. I cannot agree with this view of the case. It seems to me that no greater hardship could be occasioned than by deporting an alien, who had come to this country at a tender age and lived here until after majority. Deportation in such case is tantamount to exile. [3] In my opinion the law must be held to mean that the three-year period within which an alien may be deported begins to run from the date of his first entrance into the country, and a temporary absence, with the intention to return, cannot interfere with his status as a resident, nor give the immigration authorities the right to deport him."

As a majority of the judges of this court agree with the judge a quo in his application of the law to the facts, the decree of the Circuit Court is therefore affirmed.